NO. 22-10707-GG

IN THE

# United States Court Of Appeals

## FOR THE ELEVENTH CIRCUIT

CARL L. GREGORY and LEILA GREGORY,

Petitioners/Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent/Appellee.

_____

Appeal from the United States Tax Court
Civil Action No. 10336-18

## APPELLANTS' BRIEF

Vivian D. Hoard
Georgia Bar No. 358119
Kenton J. Coppage
Georgia Bar No. 187190
*vhoard@foxrothschild.com*
*kcoppage@foxrothschild.com*

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000
*Counsel for Petitioners-Appellants*

Kip D. Nelson
North Carolina Bar No. 43848
*knelson@foxrothschild.com*

FOX ROTHSCHILD LLP
230 North Elm Street
Suite 1200
Greensboro, North Carolina 27401
(336) 378-5200
*Counsel for Petitioners-Appellants*

*Gregory v. Comm'r*
No. 22-10707-GG

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u>
## <u>CORPORATE DISCLOSURE STATEMENT</u>

Counsel for Petitioners/Appellants certifies that the following persons and

entities have an interest in the outcome of the case:

          Arthur, John T., Counsel for Respondent/Appellee;

          Bal, Rubinder K., Counsel for Respondent/Appellee;

          Bradley, Janet A., Counsel for Respondent/Appellee;

          CLC Ventures, Inc., entity related to Petitioners/Appellants;

          Coppage, Kenton J., Counsel for Petitioners/Appellants;

          Fox Rothschild LLP, Counsel for Petitioners/Appellants;

          Gregory, Carl L., Petitioner/Appellant;

          Gregory, Leila, Petitioner/Appellant;

          Hoard, Vivian D., Counsel for Petitioners/Appellants;

          Hubbert, David A., Counsel for Respondent/Appellee;

          Jones, Courtney D., Tax Court Judge;

          Kelley, R. Matthew, Counsel for Respondent/Appellee;

          Nelson, Kip D., Counsel for Petitioners/Appellants;

          Paul, William M., Counsel for Respondent/Appellee;

          Rettig, Charles, Respondent/Appellee;

          Tonuzi, Drita, Counsel for Respondent/Appellee;

*Gregory v. Comm'r*
No. 22-10707-GG

Ugolini, Francesca, Counsel for Respondent/Appellee; and

United States of America.

Further, no publicly traded company or corporation has an interest in the

outcome of the case.

Respectfully submitted, this 27th day of April, 2022.

*/s/ Vivian D. Hoard*
Vivian D. Hoard
Georgia Bar No. 358119
*vhoard@foxrothschild.com*

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Petitioners/Appellants Carl L. Gregory and Leila Gregory respectfully request oral argument. This appeal presents issues of first impression for this Court, relating to the Tax Court's interpretation and application of the Internal Revenue Code's so-called "hobby loss" rule.

The Tax Court held that a hobby loss is an itemized deduction rather than an adjustment against gross income. That issue is of considerable import not only to the present parties but also to many similarly-situated taxpayers affected by the Tax Court's ruling. Appellants respectfully submit that oral argument will aid this Court in understanding the novel legal issue that this appeal presents.

## **TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ............................................................ C 1 of 3

STATEMENT REGARDING ORAL ARGUMENT .................................................i

TABLE OF CONTENTS................................................................................. ii

TABLE OF CITATIONS ............................................................................... iii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION ...................................................................................1

STATEMENT OF THE ISSUES.....................................................................1

STATEMENT OF THE CASE.........................................................................1

STANDARD AND SCOPE OF REVIEW .....................................................3

SUMMARY OF THE ARGUMENT .............................................................3

ARGUMENT AND CITATIONS OF AUTHORITY ....................................4

     I.       Statutory Background..........................................................4

     II.     The Tax Court Erred in Interpreting the Plain Language of
           Section 183 ..........................................................................7

     III.    The Tax Court's Interpretation Contravenes Congressional
           Intent.................................................................................13

     IV.    The Tax Court's Interpretation Violates Canons of Statutory
           Construction ......................................................................15

     V.     A Temporary Regulation Cannot Save the Tax Court's Holding.......17

CONCLUSION...........................................................................................18

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*Alexander v. I.R.S.*, 72 F.3d 938 (1st Cir. 1995) ...........................10

*B&M Co. v. United States*, 452 F.2d 986 (5th Cir. 1971) ............................15

*\*Brannen v. Comm'r*, 722 F.2d 695 (11th Cir. 1984).......................5, 11, 16

*Brown v. United States*, 434 F.2d 1065 (5th Cir. 1970)...............................11

*Brown v. United States*, 748 F.3d 1045 (11th Cir. 2014)..............................16

*Bryant v. Comm'r*, 928 F.2d 745 (6th Cir. 1991).........................................13

*Burks v. United States*, 633 F.3d 347 (5th Cir. 2011) ..................................18

*Decker v. Nev. Envtl. Def. Ctr.*, 568 U.S. 597 (2013) ..................................17

*Dreicer v. Comm'r*, 665 F.2d 1292 (D.C. Cir. 1981)....................................13

*Ebert v. Poston*, 266 U.S. 548 (1925)...........................................................13

*Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976) .......................................18

*Estate of Koons v. Comm'r*, 686 F. App'x 779 (11th Cir. 2017) ...................3

*Estate of Sherrod v. Comm'r*, 774 F.2d 1057 (11th Cir. 1985)....................10

*Estate of Stuller v. United States*, 55 F. Supp. 3d 1091 (C.D. Ill. 2014).........8

*Faulconer v. Comm'r*, 748 F.2d 890 (4th Cir. 1984) ....................................13

*FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120 (2000).............18

*Gould v. Gould*, 245 U.S. 151 (1917)...........................................................15

*Green v. Comm'r,* 507 F.3d 857 (5th Cir. 2007)...........................................10

*Hewitt v. Comm'r*, 21 F.4th 1336 (11th Cir. 2021) .......................................18

*Hill v. Comm'r*, T.C. Summ. Op. 2006-120 (July 31, 2006) .......................12

*Hope v. United States*, 803 F.2d 816 (5th Cir. 1986) ...................................18

*Jasionowski v. Comm'r*, 66 T.C. 312 (1976)..................................................12

*Katherine Lynn McCarthy Tr. v. Comm'r*, 817 F.2d 558 (9th Cir. 1987).....10

*Magassy v. Comm'r,* 140 F. App'x 450 (4th Cir. 2005) ................................6

*Mamani v. Berzain*, 825 F.3d 1304 (11th Cir. 2016) ...........................7, 14

*McDonald v. Comm'r*, 214 F.2d 341 (2d Cir. 1954)....................................18

*Mullins v. United States*, 334 F. Supp. 2d 1042 (E.D. Tenn. 2004)...............8

*Pine v. City of W. Palm Beach*, 762 F.3d 1262 (11th Cir. 2014) .................17

*Portland Golf Club v. Comm'r*, 497 U.S. 154 (1990) ............................6, 13

*Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 444 (1989) .........................17

*Pugh v. Comm'r,* 213 F.3d 1324 (11th Cir. 2000) .........................................3

*Radzanower v. Touche Ross & Co.*, 426 U.S. 148 (1976) ...........................16

*Ranciato v. Comm'r*, 52 F.3d 23 (2d Cir. 1995) .........................................13

*Roberts v. Comm'r*, 820 F.3d 247 (7th Cir. 2016) ........................................6

*Royal Caribbean Cruises, Ltd. v. United States*, 108 F.3d 290
    (11th Cir. 1997).......................................................................................15

*Tank Truck Rentals, Inc. v. Comm'r*, 356 U.S. 30 (1958).......................3, 4

*United States v. Ballard*, 535 F.2d 400 (8th Cir. 1976) .................................4

*United States v. Jim*, 891 F.3d 1242 (11th Cir. 2018)...................................16

*United States v. Ron Pair Enters.*, 489 U.S. 235 (1989)................................7

*United States v. Welden*, 377 U.S. 95 (1964) ................................................16

*Wallach v. United States*, 800 F.2d 1121 (Fed. Cir. 1986) ..........................10

*In re Walter Energy, Inc.*, 911 F.3d 1121 (11th Cir. 2018)..........................16

*Wells Fargo & Co. v. United States*, 143 F. Supp. 3d 827
    (D. Minn. 2015) ..........................................................................................4

*Westbrook v. Comm'r*, 68 F.3d 868 (5th Cir. 1995)........................................6

## Statutes

26 C.F.R. § 1.67-1T ........................................................................................17

I.R.C. § 1 ...........................................................................................................4

I.R.C. § 61 ..........................................................................................................4

*I.R.C. § 62 ...............................................................................4, 9, 10, 11, 17

*I.R.C. § 63 ...............................................................................................6, 9, 12

*I.R.C. § 67 ................................................................ 6, 8, 12, 14, 15, 16, 17

I.R.C. § 161 ........................................................................................................6

*I.R.C. § 162.....................................................................4, 5, 8, 10, 11, 12

*I.R.C. § 183 ........................................ 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16

I.R.C. § 7806 ......................................................................................................9

Treas. Reg. § 1.162-1(a) ................................................................................10

## Other Authorities

Pub. L. No. 99-514, 100 Stat. 2113 (1986) ...................................................16

Tax Cuts and Jobs Act, Pub. L. No. 115-97, 131 Stat.
    2054 (2017).................................................................................................14

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The Tax Court had jurisdiction pursuant to I.R.C. § 6214 to review the Notice of Deficiency to Appellants for the tax years ending December 31, 2014 and 2015. This Court has jurisdiction under I.R.C. § 7482(a)(1) to review the decision of the Tax Court. Venue of this appeal is proper in the Eleventh Circuit under I.R.C. § 7482(b) because Appellants resided in Alabama and Florida at the time the petition was filed in the Tax Court. (Doc 1 - Pg 1).

## STATEMENT OF THE ISSUE

The Internal Revenue Code allows a taxpayer to take a "hobby loss" deduction for expenses that are incurred in producing income from a hobby. The deduction is specifically allowed up to the amount of the hobby's gross income. Did the Tax Court err in disallowing the hobby loss deduction here based on an erroneous interpretation of the Code?

## STATEMENT OF THE CASE

During the years in issue, Appellants Carl and Leila Gregory owned a boat that they could charter to third parties. (Doc 1 – Pg 5). In 2014 and 2015, the Gregorys chartered the boat and received some income as a result. (Doc 45 - Pg 2-3). However, the chartering activity was not free; the Gregorys also incurred expenses. In both 2014 and 2015, the incurred expenses exceeded the income from the boat chartering activity. (*Id.*).

1

The Gregorys jointly filed tax returns for the 2014 and 2015 tax years and claimed a deduction for the boat charter expenses pursuant to Section 183(b) of the Internal Revenue Code.  (Doc 45 - Pg 3).

On March 1, 2018, the IRS issued a Notice of Deficiency and asserted that the claimed deduction was improper.  (Doc 1 Ex. A).  The IRS re-characterized the income from the boat chartering as "Other Income" and claimed that the expenses should have been listed as itemized deductions subject to a threshold of 2% of adjusted gross income.  (*Id.*).  In addition, the IRS asserted 20% accuracy-related penalties for negligence, disregard of rules or regulations, and/or substantial understatement of tax.  (*Id.*).

The Gregorys timely petitioned the Tax Court for redetermination of their tax liability.  (Doc 1).  However, the Tax Court upheld the IRS's decision and ruled that the deduction was disallowed.  (Doc 45).  As a result, the Tax Court assessed more than $250,000 in additional taxes.  (Doc 58).

After a final judgment was entered, the Gregorys timely appealed.  (Doc 59). Respondent conceded the penalty issue in the Tax Court, (Doc 55), so the only issue on appeal is whether the Gregorys were able to claim the Section 183 deduction.

## STANDARD AND SCOPE OF REVIEW

Review of the Tax Court's interpretation and application of law, including the interpretation of a statute, is de novo. *Estate of Koons v. Comm'r*, 686 F. App'x 779, 786 (11th Cir. 2017); *Pugh v. Comm'r,* 213 F.3d 1324, 1325 (11th Cir. 2000).

## SUMMARY OF THE ARGUMENT

The Internal Revenue Code reflects a general policy of taxing net, not gross, income. *Tank Truck Rentals, Inc. v. Comm'r*, 356 U.S. 30, 33 (1958).

In accordance with that policy, Congress has decided that taxpayers are entitled to claim a deduction for expenses incurred to produce hobby income to the extent of that activity's gross income. But here, the Tax Court interpreted the Code in such a way that eviscerates the deduction against gross income that Congress allowed.

Specifically, the Tax Court held that deductions for hobby expenses are only permitted when a taxpayer's expenses exceed 2% of his or her *adjusted* gross income—relying on an entirely different section of the Code. This interpretation ignores the plain language of the relevant statutory provisions, overlooks congressional intent, and contravenes canons of statutory interpretation.

Because the Tax Court misconstrued the statute and erred in disallowing the deduction, its decision should be reversed.

3

<u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

## I.    Statutory Background.

The Internal Revenue Code imposes a tax on the taxable income of individuals.  I.R.C. § 1.  The Supreme Court has stated that "Congress intended the income tax laws to tax earnings and profits less expenses and losses, carrying out a broad basic policy of taxing net, not gross, income."  *Tank Truck Rentals, Inc. v. Comm'r*, 356 U.S. 30, 33 (1958) (internal quotations and citation omitted).

Thus, to calculate taxable income, one begins with a taxpayer's gross income, including "all income from whatever source derived."  I.R.C. § 61(a).  Gross income is then reduced by certain deductions or adjustments (*i.e.*, "above the line" deductions) to arrive at adjusted gross income.  *Id.* § 62(a); *see also United States v. Ballard*, 535 F.2d 400, 404 (8th Cir. 1976) ("Of course, gross income and not gross receipts is the foundation of income-tax liability, for it is only earnings, profits and gains which the statute subjects to tax.").

As relevant here, those adjustments include the expenses incurred in obtaining income either from a "trade or business" or from "an activity not engaged in for profit."  *See* I.R.C. §§ 162, 183; *see also Wells Fargo & Co. v. United States*, 143 F. Supp. 3d 827, 846 (D. Minn. 2015) ("In layperson's terms, § 183 and its implementing regulations are concerned with distinguishing between business

pursuits (on the one hand) and hobbies (on the other) in order to determine which associated expenses may be deducted.").

For the former, a taxpayer is allowed to deduct "all the ordinary and necessary expenses paid or incurred during the taxable year." I.R.C. § 162(a). That is, business expenses can be deducted against any income that the taxpayer has.

For the latter, a taxpayer is permitted to deduct certain otherwise-allowable expenses (such as interest and taxes) as well as expenses incurred in pursuing the activity "to the extent that the gross income derived from such activity" exceeds the expenses. *Id.* § 183(b)[1]; *see also Brannen v. Comm'r*, 722 F.2d 695, 703 (11th Cir. 1984) (describing the permissible deductions). "The activities governed by Section 183 are usually referred to as 'hobbies,'" and the statutory provisions "allow hobby

---

[1] The full provision states:

> In the case of an activity not engaged in for profit . . . there shall be allowed—
>
> (1) the deductions which would be allowable under this chapter for the taxable year without regard to whether or not such activity is engaged in for profit, and
>
> (2) a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year only if such activity were engaged in for profit, but only *to the extent that the **gross income** derived from such activity* for the taxable year exceeds the deductions allowable by reason of paragraph (1).

I.R.C. § 183(b) (emphasis added).

expenses to be deducted from hobby profits but not from any other income that the taxpayer may have." *Roberts v. Comm'r*, 820 F.3d 247, 248 (7th Cir. 2016). Thus, Section 183(b) treats the deductions as if they are Section 162 business expenses to the extent of gross income from the activity. *See Magassy v. Comm'r*, 140 F. App'x 450, 455 (4th Cir. 2005) (per curiam) ("Internal Revenue Code § 183, the 'hobby loss' provision, limits deductions from activities *not* engaged in for profit to the extent of <u>gross income</u> derived from such activities." (second emphasis added)); *Westbrook v. Comm'r*, 68 F.3d 868, 875 (5th Cir. 1995) ("In sum, section 183 allows deductions for expenses incurred in an activity not engaged in for profit, but only to the extent of <u>gross income</u> from that activity; therefore, taxpayers may not deduct losses incurred in an activity not engaged in for profit." (emphasis added)). When a hobby produces some modicum of income, a taxpayer can deduct expenses "up to the amount of the income." *Portland Golf Club v. Comm'r*, 497 U.S. 154, 164 n.15 (1990).

These and other adjustments are used to calculate adjusted gross income. But even adjusted gross income is not *taxable* income; instead, taxable income is calculated after taking *additional* deductions (*i.e.*, "below the line" deductions). I.R.C. § 161. A taxpayer can either claim a standard deduction, *id.* § 63(b), (c), or itemized deductions, *id.* § 63(d). If a taxpayer chooses to itemize deductions, the Code imposes certain limits. As relevant here, Section 67 states that "miscellaneous

itemized deductions" are allowed "only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income." *Id.* § 67(a). The "miscellaneous itemized deductions" are specifically delineated. *Id.* § 67(b).

The process of calculating taxable income can be summarized in the following graphic:



## II.    The Tax Court Erred in Interpreting the Plain Language of Section 183.

As with all issues of statutory interpretation, the question here should be answered by looking at the text of the statute. *See, e.g.*, *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989); *Mamani v. Berzain*, 825 F.3d 1304, 1309 (11th Cir. 2016).

By its plain language, Section 183 allows "a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year . . . if such activity were engaged in for profit." I.R.C. § 183(b)(2). That is, a taxpayer whose hobby produces income is allowed to deduct an amount "equal to the amount" of the equivalent deduction for a trade or business. The only difference is that the

deduction for hobby expenses is capped at the hobby's gross income, whereas business expenses are not capped.[2]  *Compare id.*, *with id.* § 162.

Here, the parties agree that the activity at issue constitutes a hobby.  The Tax Court confirmed as much.  The only question is whether the Gregorys properly deducted expenses from their hobby's gross income under Section 183.

The Tax Court overlooked the statutory language and instead held that a Section 183 deduction should be treated as a miscellaneous itemized deduction allowable against *adjusted* gross income.  The Tax Court looked to another provision in the Code, which provides that "miscellaneous itemized deductions" are only allowed if they exceed 2% of adjusted gross income.  I.R.C. § 67(a).  Since this provision authorizes deductions against adjusted gross income, it of necessity can only come into play once adjusted gross income has been calculated.  Nevertheless, the Tax Court held that a Section 183 deduction should be categorized as a miscellaneous itemized deduction rather than a deduction against gross income.

This interpretation was wrong.  Congress has declared that a taxpayer who earns some income from a hobby is entitled to offset that hobby's *gross* income by

---

[2] The vast majority of the cases discussing Section 183 involved fact-dependent determinations on whether the activity was a for-profit business or a not-for-profit hobby.  *See, e.g., Estate of Stuller v. United States*, 55 F. Supp. 3d 1091 (C.D. Ill. 2014); *Mullins v. United States*, 334 F. Supp. 2d 1042 (E.D. Tenn. 2004).  That question is not at issue here because the parties agree that the Gregorys' boat chartering activity is properly characterized as a hobby.

the expenses incurred in conducting the activity.  That is the explicit legislative policy embodied in Section 183, and the Tax Court was wrong to ignore it.

The Tax Court further erred in basing its decision on the placement of Section 183 within the larger context of the Internal Revenue Code.  The Tax Court assumed that the Section 183 deduction must be a miscellaneous itemized deduction because it falls within "Part VI, Itemized Deductions for Individuals and Corporations." (Doc 45 – Pg 8-9).  This assumption is wrong on three fronts.

First, Congress has specifically said that "[n]o inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion" of the Code. I.R.C. § 7806(b).  The fact that Section 183 (along with other adjustments to gross income) is in a part of the Code generally labeled "Itemized Deductions" is not dispositive.

Second, the Tax Court's assumption conflates the general concept of "deductions" with the Code's specific definition of "itemized deductions."  Some deductions are subtracted from gross income to lead to adjusted gross income. *See* I.R.C. § 63(a).  The term "itemized deductions," by contrast, is a term of art and refers to deductions allowable under Chapter 1 of the Income Tax Code. *Id.* § 63(d). If that were not clear enough, the term "itemized deductions" is specifically defined to *exclude* "the deductions allowable in arriving at adjusted gross income." *Id.*  In

other words, the Code itself distinguishes between deductions from gross income and itemized deductions against adjusted gross income. Though Section 183 allows for hobby expense "deductions," they are not "itemized deductions" as that term has been defined by Congress.

Third, the Tax Court overlooked that business expenses (to which the Section 183 deduction is analogized) also fall within "Part VI, Itemized Deductions." *See* I.R.C. § 162. Nevertheless, both the Code and the Treasury Regulations clarify that Section 162 expenses are deductible from "gross income." *See id.* § 62(a)(1); Treas. Reg. § 1.162-1(a). This Court has likewise said that "Section 162 permits the deduction of business expenses *in arriving at adjusted gross income* provided that the activity involved is a trade or business." *Estate of Sherrod v. Comm'r*, 774 F.2d 1057, 1064 (11th Cir. 1985) (emphasis added). Other appellate courts agree. *See Green v. Comm'r*, 507 F.3d 857, 870 n.7 (5th Cir. 2007) ("Expenses deducted under § 162(a) generally are subtracted in full from gross income to arrive at adjusted gross income."); *Alexander v. I.R.S.*, 72 F.3d 938, 944 (1st Cir. 1995) (noting that "expenses falling within Section 162(a) are deducted from gross income to arrive at 'adjusted gross income'"); *Katherine Lynn McCarthy Tr. v. Comm'r*, 817 F.2d 558, 560 (9th Cir. 1987) (explaining that "interest expense incurred in carrying on a trade or business may be deducted from interest income prior to determining adjusted gross income"); *Wallach v. United States*, 800 F.2d 1121, 1123 (Fed. Cir. 1986)

(explaining that if debt "arises out of the operation of the taxpayer's trade or business, the interest is deductible under sections 62 and 162 in determining adjusted gross income"); *Brown v. United States*, 434 F.2d 1065, 1066-67 (5th Cir. 1970) (explaining that property taxes deductible under Section 162 are deducted "from gross income to arrive at adjusted gross income"). Under the Code, Section 183 adjustments are supposed to be treated like Section 162 expenses—meaning that they are deducted from gross income to arrive at adjusted gross income.

This Court has also recognized the connection between Section 183 deductions and the analogous adjustment under Section 162. In *Brannen v. Commissioner*, the Court noted that "Section 183 takes effect only when the taxpayer is engaged in an activity in which he is not otherwise entitled to claimed deductions under Sections 162 or 212." 722 F.2d at 704. And, "Section 162 provides for deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." *Id.* Therefore, after affirming the Tax Court's decision that the taxpayers' participation in the development of a movie constituted a hobby, this Court held that the taxpayers were "entitled to take deductions claimed" attributable to the cash paid for the movie "to the extent of the *gross income* derived from the activity." *Id.* (emphasis added).

If the Tax Court's assumption were correct, then expenses under Section 162 would also have to be treated as "miscellaneous itemized deductions" under Section

67—because Section 162 is not explicitly listed in Section 67(b). But again, Section 162 expenses need *not* be listed in Section 67(b) because they are adjustments to *gross* income rather than deductions from *adjusted* gross income. The same is true for the Section 183 deduction.[3]

The Tax Court in a previous decision has even explained why this is the appropriate result. The language of Section 183 can be "understood by viewing that section in the context of its position in the Code." *Jasionowski v. Comm'r*, 66 T.C. 312, 320 (1976). Viewed in that context, "section 183 is simply a statute that allows certain deductions attributable to 'activities not engaged in for profit' in computing taxable income under section 63(a)." *Id.* And again, computing taxable income under Section 63(a) is going from gross income to adjusted gross income—*not* considering itemized deductions under Section 63(d).

Simply put, the Tax Court erred in disallowing a deduction that Congress has allowed. The legislature meant what it said: a taxpayer is entitled to adjust his or

---

[3] In its opinion below, the Tax Court stated that its decision was "consistent with earlier statements made by [the Tax] Court in dicta," (Doc 45 – Pg 9), but the Court apparently overlooked another opinion that had explicitly reached the opposite conclusion. *See Hill v. Comm'r*, T.C. Summ. Op. 2006-120 (July 31, 2006) (rejecting the government's argument and stating that a Section 183 deduction "is allowable as an offset to the gross receipts, thus eliminating the 2-percent limitation"). Since the question of statutory interpretation is reviewed de novo, this division in Tax Court decisions is irrelevant.

her *gross income* by expenses incurred in either a trade or business or in a hobby that produces income. The Tax Court's decision to the contrary should be reversed.

## III. The Tax Court's Interpretation Contravenes Congressional Intent.

In addition to overlooking the plain language of the statute, the Tax Court erred in contravening congressional intent. *See Ebert v. Poston*, 266 U.S. 548, 554 (1925) ("The judicial function to be exercised in construing a statute is limited to ascertaining the intention of the Legislature therein expressed.").

Section 183 "was enacted as part of the Tax Reform Act of 1969 in an effort to increase the Code's previously limited effectiveness in preventing taxpayers from offsetting other income with losses from non-profit activities."[4] *Ranciato v. Comm'r*, 52 F.3d 23, 25 (2d Cir. 1995). "The legislative history discloses a particular concern about wealthy individuals attempting to generate paper losses for the purpose of sheltering unrelated income." *Id.*; *see also Bryant v. Comm'r*, 928 F.2d 745, 749 (6th Cir. 1991); *Faulconer v. Comm'r*, 748 F.2d 890, 893 (4th Cir. 1984); *Dreicer v. Comm'r*, 665 F.2d 1292, 1297-98 (D.C. Cir. 1981).

Thus, the purpose of Section 183 is to prevent a taxpayer from using hobby expenses to offset income from *other* activities. The provision "is not designed to penalize those who run businesses ineptly or unwisely." *Ranciato*, 52 F.3d at 27.

---

[4] Prior to the enactment of Section 183, "the courts and the Commissioner had not required that revenues earned in activities showing a net loss be declared as taxable income." *Portland Golf Club*, 497 U.S. at 164 n.15.

Yet, the Tax Court's decision produces that very effect. Under the Tax Court's interpretation, very few taxpayers would be permitted to deduct any hobby losses through 2017. And because Congress repealed itemized deductions in Section 67(g) as part of the Tax Cuts and Jobs Act, Pub. L. No. 115-97, § 11045, 131 Stat. 2054 (2017), the Tax Court's decision would mean that *no* taxpayers could deduct any hobby expenses between December 31, 2017 and January 1, 2026.

Moreover, if the Tax Court were correct, then taxpayers would be wary of engaging in activities that could potentially become profitable in the future if there was any risk they could suffer a loss instead. To benefit from the expenses incurred in the pursuit of income, they would be forced into expensive litigation to prove their intent was to make a profit. The Section 183 deduction is designed to *encourage* hobbies, not to punish taxpayers for engaging in them.

In addition, despite the Code's policy of taxing net (not gross) income, the Tax Court's interpretation would treat hobby income differently from other types of income and impose a tax on gross receipts. That is not the result envisioned or intended by Congress.

The Tax Court may believe that Congress *should* limit the hobby loss deduction, but that is no excuse for judicial legislation. *See Mamani*, 825 F.3d at 1310 ("[U]nless and until the first and third branches of government swap duties and responsibilities, we cannot rewrite statutes.").

14

**IV.    The Tax Court's Interpretation Violates Canons of Statutory Construction.**

The Gregorys believe that the plain language of the statute makes their asserted deduction permissible under Section 183.  Nevertheless, if there were some ambiguities in the Code, then several canons of statutory construction would support the Gregorys' reading here.

First, "ambiguous tax statutes are to be construed against the government and in favor of the taxpayer."  *Royal Caribbean Cruises, Ltd. v. United States*, 108 F.3d 290, 294 (11th Cir. 1997).  This rule has been in place for more than a century.  *See B&M Co. v. United States*, 452 F.2d 986, 990 (5th Cir. 1971) ("In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out.  In case of doubt, they are construed most strongly against the government, and in favor of the citizen.") (quoting *Gould v. Gould*, 245 U.S. 151, 153 (1917)).  To the extent that Section 183 is ambiguous, the Tax Court got it backwards by construing the provision *against* the taxpayer.

Second, a later, general statute (like Section 67) does not supersede a previously enacted specific statute (like Section 183):

> It is a basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized

> spectrum. Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment. The reason and philosophy of the rule is, that when the mind of the legislator has been turned to the details of a subject, and he has acted upon it, a subsequent statute in general terms, or treating the subject in a general manner, and not expressly contradicting the original act, shall not be considered as intended to affect the more particular or positive previous provisions, unless it is absolutely necessary to give the latter act such a construction, in order that its words shall have any meaning at all.

*Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976) (internal citations and quotations omitted). This Court follows the same rule. *United States v. Jim*, 891 F.3d 1242, 1251 (11th Cir. 2018).

Section 183 was enacted in 1969 to deal specifically with the hobby loss issue. Section 67, by contrast, was not enacted until 17 years after Section 183 was already on the books (and interpreted by cases such as *Brannen*). Pub. L. No. 99-514, § 132(a), 100 Stat. 2113 (1986). Notably, Section 67 (imposing the 2% minimum for itemized deductions) did not address either Section 162 (for business expenses) or Section 183 (for hobby expenses). That is not surprising, since both of those adjustments had been interpreted as applying against gross income rather than itemized deductions to which the new Section 67 would apply.

Third, the law recognizes a presumption against amendments by implication. *See United States v. Welden*, 377 U.S. 95, 102 n.12 (1964); *In re Walter Energy, Inc.*, 911 F.3d 1121, 1150 (11th Cir. 2018); *Brown v. United States*, 748 F.3d 1045,

16

1066 (11th Cir. 2014).  Nothing in Section 67 or its legislative history suggests that Congress intended Section 67 to supersede or nullify Section 183.  The Tax Court's assumption that Section 67 somehow changed the meaning of Section 183 is not supported by the law.

Fourth, statutes should not be interpreted in a way that creates odd or absurd results.  *Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 454 (1989); *Pine v. City of W. Palm Beach*, 762 F.3d 1262, 1272 (11th Cir. 2014).  Applying Section 67 to all adjustments to gross income would include numerous adjustments that do not constitute "miscellaneous itemized deductions."  In addition to business expenses, such an interpretation would encompass losses from the sale of property, net operating losses, depreciation, and cost of goods sold. Those amounts are not specifically identified in Section 67(b) and under the Tax Court's interpretation must satisfy the 2% threshold.  Yet, Section 62(a) says that those amounts are "above the line" deductions that are subtracted from gross income.   The Tax Court's interpretation would lead to odd results indeed.

## V.    A Temporary Regulation Cannot Save the Tax Court's Holding.

In the proceedings below, the IRS relied on a temporary regulation (26 C.F.R. § 1.67-1T) to support its interpretation of the statute.  In response, the Gregorys explained that the 1988 temporary regulation is not entitled to any deference because it attempted to create new law.  *See, e.g.*, *Decker v. Nev. Envtl. Def. Ctr.*, 568 U.S.

17

597, 620 (2013) (explaining that "a promulgated Treasury regulation has no power to alter a statute Congress enacted"); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 213 (1976) ("The rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law."). There was no "gap" for the IRS to fill. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 159 (2000). Nor did the temporary regulation go through a notice-and-comment process. *See Hewitt v. Comm'r*, 21 F.4th 1336, 1342 (11th Cir. 2021). Even more fundamentally, it is not clear that a temporary regulation is entitled to any deference at all. *See, e.g.*, *Burks v. United States*, 633 F.3d 347, 360 n.9 (5th Cir. 2011); *Hope v. United States*, 803 F.2d 816, 819-20 (5th Cir. 1986).

However, the Court need not reach those issues here. The Tax Court expressly declined to base its ruling on the temporary regulation. Even if the temporary regulation were entitled to *some* deference, the fact-based analysis on the validity of the temporary regulation would need to be conducted by the Tax Court in the first instance. *See, e.g.*, *McDonald v. Comm'r*, 214 F.2d 341, 344 (2d Cir. 1954). To the extent the temporary regulation has any bearing here, that is simply another reason that the Tax Court's decision should be reversed.

## <u>CONCLUSION</u>

The Tax Court erred when it held that the Section 183 deduction could not be applied against gross income.  By its action, the Tax Court disallowed exactly what has been permitted by Congress.  Its decision should be reversed.

This 27th day of April, 2022.

*/s/ Vivian D. Hoard*
Vivian D. Hoard
Georgia Bar No. 358119
*vhoard@foxrothschild.com*
FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000
*Counsel for Petitioners/Appellants*

19

## <u>CERTIFICATE OF COMPLIANCE</u>

In compliance with Federal Rule of Appellate Procedure 32(a)(7)(B)(i), the undersigned counsel hereby certifies that this Brief is typed in 14-point Times New Roman and complies with the type-volume limitation of FRAP 32(a)(7) and contains 4,368 words.

*/s/ Vivian D. Hoard*
Vivian D. Hoard

## **CERTIFICATE OF SERVICE**

This is to certify that I have caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system, which shall send notification of such filing to the following counsel of record:

Janet A. Bradley
U.S. Department of Justice
Tax Division, Appellate Section
Post Office Box 502
Washington, D.C. 20044

John T. Arthur
Office of Chief Counsel
Internal Revenue Service
401 W. Peachtree Street, Suite 1400
Atlanta, GA 30308

This 27th day of April, 2022.

/s/ Vivian D. Hoard
Vivian D. Hoard
Georgia Bar No. 358119
vhoard@foxrothschild.com
FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
(404) 962-1000
Counsel for Petitioners/Appellants

21